Charles Axford Wood and Ludmilla M. Wood v. Commissioner.
Wood v. Commissioner
Docket No. 3650.
United States Tax Court
1944 Tax Ct. Memo LEXIS 199; 3 T.C.M. (CCH) 594; T.C.M. (RIA) 44215; June 17, 1944
*199 Charles A. Wood, 16 Bradford Ave., Upper Montclair, N.J., pro se. John W. Edwards, Esq., for the respondent. ARUNDELL
Memorandum Opinion ARUNDELL, Judge: This proceeding was initiated to test the correctness of respondent's determination of a deficiency in income taxes for the year 1941 in the sum of $43.19. We are asked to decide whether certain moving costs may be deducted as ordinary and necessary expenses of carrying on a trade or business or are personal in their nature. [The Facts] Charles Axford Wood, hereinafter called petitioner, entered upon duty as an employee of the Wage and Hour Division (United States Government) in San Juan, Porto Rico in 1939. In February 1941, and while so employed, he received word advising him that he was being transferred to Washington for duty. Petitioner was unwilling to accept assignment in Washington and thereupon sought and was granted permission to take leave. During the period he was on leave petitioner returned to the United States bringing with him his household furnishings and effects. The expense incident to making this transfer was paid by petitioner personally. The cost of making this transfer exceeded the sum of $450.00 sought *200 by him as a deduction on his return. Petitioner's separation from the Government service was evidenced by a document which stated "Separation without prejudice on failure to accept reassignment in Washington." Petitioner did not present to the United States Government an expense account covering his traveling expenses from Porto Rico to the United States or the expenses incident to moving his household effects to the States. If he had accepted reassignment to Washington he would have presented such expense account to the Government for payment. On these facts petitioner asks that the determination of the Commissioner be set aside. Personal traveling expenses and the expenses incident to the moving of one's family and household goods while in search of employment are personal expenses. Travel expense incident to the carrying on of one's trade or business is a deductible item under the income tax law. When one travels on a mission for the Government his expenses are ordinarily paid by the Government, and the reason at least some of petitioner's expenses involved here were not paid seems to be that his travel from Porto Rico to the United States was not an official trip but a personal *201 one. The burden of proof rests on petitioner and the evidence does not serve to overcome the prima facie correctness of respondent's determination. At the time this case was heard petitioner requested a decision from the bench. On these facts this Division held that the expenses in question were personal and not business expenses and, consequently, such expenses were not deductible for income tax purposes. Decision will be entered for the respondent.